PER CURIAM.
Clinton Dinnall appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm as to all grounds except his sixth, wherein Dinnall argues that trial counsel failed to request a competency *154 evaluation pursuant to Florida Rule of Criminal Procedure 3.210(b).
The trial court summarily denied that ground based on the state’s response. However, that response did not address ground six nor was the claim considered at the evidentiary hearing after which the trial court resolved other issues.
Accordingly, we reverse the summary denial of ground six and remand for attachment of portions of the record conclusively refuting that claim or for an eviden-tiary hearing. See Freeman v. State, 761 So.2d 1055, 1061 (Fla. 2000) (“[A] defendant is entitled to an evidentiary hearing on a postconviction relief motion unless (1) the motion, files, and records in the case conclusively show that the prisoner is entitled to no relief, or (2) the motion or a particular claim is legally insufficient.”).

Affirmed in part, reversed in part, and remanded.

Gross, Levine and Conner, JJ., concur.